# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| HENRY AGNEW, | No. 4:20-CV-00810 |
| Petitioner, | (Judge Brann) |
| v. | |
| KEVIN KAUFFMAN, *et al.*, | |
| Respondents. | |

## ORDER

### MAY 20, 2020

Henry Agnew, a Pennsylvania state prisoner, has filed what he labels a "petition for early parole hearing," in which he asks this Court to direct the Pennsylvania Department of Probation and Parole ("Parole Board") to conduct an early parole hearing due to the COVID-19 pandemic.[1] The Court construes Agnew's petition as one arising under 28 U.S.C. § 2254.[2]

Although federal law generally requires that, when evaluating a § 2254 petition, district courts "issue an order directing the respondent to show cause why the writ should not be granted," courts need not do so if "it appears from the

---

[1] Doc. 1.

[2] To the extent that Agnew's petition may be construed as seeking a writ of mandamus, this Court "lacks authority to grant that relief, as a federal court generally may not issue a writ of mandamus to compel action by a state court or state official." *In re Martinez*, 778 F. App'x 198, 199 (3d Cir. 2019).

application that the applicant or person detained is not entitled thereto."[3] Thus, "a district court is authorized to dismiss a petition summarily when it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court."[4]

It is clear from Agnew's petition that he is not entitled to habeas relief, as this Court does not have jurisdiction to grant his requested relief. Federal district courts are courts of limited jurisdiction, and "[t]he sole inquiry for habeas jurisdiction is whether granting the petition as to the claim would necessarily imply a change to the fact, duration, or execution of the petitioner's sentence."[5] Here, Agnew does not seek an order directing that he be paroled or otherwise released from custody—he seeks an order directing that he be provided with a parole hearing at an earlier date than the date offered by the Parole Board.[6] However, the decision to grant or deny parole is entirely discretionary.[7] Thus, not only is any decision regarding when to hold a parole hearing beyond the purview of the United States Constitution[8] but, were the Court to grant the requested relief, such an order would not "necessarily imply a change to the fact, duration, or execution of the petitioner's sentence,"[9] as

---

[3] 28 U.S.C. § 2243.
[4] *Lonchar v. Thomas*, 517 U.S. 314, 320 (1996) (internal quotation marks omitted).
[5] *Velazquez v. Superintendent Fayette SCI*, 937 F.3d 151, 157 (3d Cir. 2019).
[6] Doc. 1 at 2-3.
[7] *DeFoy v. McCullough*, 393 F.3d 439, 444 (3d Cir. 2005).
[8] *See Greenholtz v. Inmates of Neb. Penal & Corr. Complex*, 442 U.S. 1, 7 (1979) (noting that "there is no constitutional or inherent right of a convicted person to be conditionally released before the expiration of a valid sentence").
[9] *Velazquez*, 937 F.3d at 157.

the Parole Board could simply deny Agnew parole. Therefore, Agnew's § 2254 petition does not implicate this Court's habeas corpus jurisdiction.

Of course, that is not to say that no decisions related to parole are ever reviewable. As the United States Court of Appeals for the Third Circuit has made clear, "[t]he possession of a discretionary component in a parole policy does not per se exempt it from constitutional scrutiny."[10] Consequently, courts "must review [any parole] decision to be certain it comports with due process."[11] Although individuals may challenge the constitutionality of the Parole Board's decision to deny parole—or perhaps even a decision to deny a parole hearing—there is no indication that the Parole Board here has made *any* decision related to Agnew's parole, let alone a decision that could implicate his due process rights. Agnew's remedy thus lies with the Parole Board itself, not with this Court, and his request should be directed to that entity.

In sum, this Court lacks jurisdiction to review Agnew's putative § 2254 petition, and the petition must therefore be dismissed. Accordingly, **IT IS HEREBY ORDERED** that:

1. Agnew's putative 28 U.S.C. § 2254 petition (Doc. 1) is **DISMISSED** without prejudice to his right to seek relief with the Parole Board, or to

---

[10] *Mickens-Thomas v. Vaughn*, 321 F.3d 374, 386 (3d Cir. 2003).
[11] *Marshall v. Lansing*, 839 F.2d 933, 946 (3d Cir. 1988).

refile his petition should the Parole Board respond unfavorably to his request;

2. The Court declines to issue certificate of appealability;[12] and

3. The Clerk of Court is directed to **CLOSE** this case.

                            BY THE COURT:

                            *s/ Matthew W. Brann*
                            Matthew W. Brann
                            United States District Judge

---

[12] *See Slack v. McDaniel,* 529 U.S. 473, 484 (2000) (setting forth legal standard).